UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHELLE SAYLOR, | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-421-DCR |
| V. | ) | |
| DANA SEALING MANUFACTURING, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

As exclusive bargaining representatives, unions owe their members a duty of fair representation. Plaintiff Michelle Saylor claims that her former union, Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union No. 3062 ("UAW" or "Local 3062"), violated this duty by putting the interests of her employer above her own. [*See* Record No. 8, pp. 7–8.] Denying this accusation, Local 3062 denies this accusation and moves for entry of summary judgment in its favor. [Record No. 29] It argues that Saylor has failed to establish either showing required for her claim to proceed and that her suit is barred by the statute of limitations. [Record No. 29-1, pp. 9–14] Saylor has responded.[1] [Record No. 32]

The pending motion will be granted because Saylor's claim is both deficient and time-barred.

---

[1] Saylor's response invites the Court to set this matter for oral arguments and to refer the parties to arbitration. [Record No. 32, p. 2] The Court denies both requests.

I.

Dana Sealing Manufacturing, LLC ("Dana"), operates a manufacturing plant in Danville, Kentucky. It produces gaskets for combustible engines. [Record No. 32-3, pp. 7–8] Dana and Local 3062 are parties to a collective bargaining agreement ("CBA") which covers hourly-rated employees at the Danville facility. [*See* Record No. 29-2.] Saylor began working for Dana as a gasket maker on April 9, 2012. [Record No. 32-3, p. 7] Gasket makers are essentially machine operators responsible for handling approximately 23 different pieces of equipment which are used to stamp gaskets from various raw materials. [*Id.*, p.10] Gasket makers are not assigned to a particular piece of equipment. They must be able to work on any of the machines at any given time, as the need arises. [*Id.*, p. 9] Gasket makers are also regularly required to lift weights ranging from 5 pounds to 75 pounds, depending on their assignment. [*Id.*, pp. 12–20]

Saylor was injured during a workplace accident on May 24, 2018. [Record No. 32, p. 4] While undergoing treatment, Dana placed her on "light duty" performing clerical work. [Record No. 29-4, p. 2] On January 14, 2020, Saylor's physician advised her that nothing more that could be done to improve her condition and assigned her permanent physical restrictions. [Record No. 32-3, pp. 50, 101] According to those restrictions, Saylor may not lift more than 10 pounds with her left arm, no more than 25 pounds up to her waist, may not repetitively push or pull anything within that weight range nor lift anything overhead. [*Id.*, p. 42]

On January 15, 2020, Saylor was called into a meeting with Katrina Wainscott, Dana's Human Resources Manager, Ron Holetsky, President of Local 3062, and Sandra Grubbs, the union's first shift steward. [*Id.*, p. 50–51] Wainscott informed those present that, based on

Saylor's permanent restrictions, she would not be able to meet the physical requirements for any available job. [Record No. 29-4, p. 2] Wainscott then gave Saylor three options: (1) quit and file for unemployment (which Dana would not contest); (2) take the 48-month medical leave available under the CBA; or (3) find a job at Dana that she could perform with her restrictions. [Record No. 32-3, pp. 50–51] Saylor expressed interest in the third option and the meeting was adjourned until the next day. [*Id.*, p. 52]

The meeting was reconvened on January 16, 2020. [*Id.*] Saylor suggested several jobs that she believed she could perform, even with her restrictions. [*Id.*, pp. 52–53] However, Wainscott responded that none of her suggestions were acceptable and she must either quit or take medical leave. [*Id.*, pp. 53–54] Saylor refused to quit and, as a result, Dana placed her on medical leave. [*Id.*, 53–56] Based on these events, Saylor allegedly requested that Holetsky file a grievance against Dana on her behalf. [*Id.*, pp. 56, 64] Notwithstanding this request, Saylor never received any communication from union officials. [*Id.*, p. 64, 75] Saylor herself also failed to follow-up on the matter. [*Id.*, p. 75] Ultimately, the requested grievance was never filed.

Saylor filed this action on September 18, 2020, or roughly eight months after Dana placed her on medical leave. [*See* Record No. 1.] She and Dana eventually reached a "favorable" settlement agreement. [Record No. 32, p. 8] Only Saylor's claims against Local 3062 remain. [*See* Record No. 28.]

## II.

Summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A material fact is one that "affect[s]

the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Id.* at 247-48.

The moving party bears the initial burden to demonstrate that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 317. This burden is met by showing that there is an absence of evidence on an issue which the nonmoving party has the ultimate burden of proof. *Id.* at 325. Once the moving party satisfies its burden, the nonmoving party must come forward with "specific facts" indicating there is a genuine issue for trial. *Id.* at 324; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999).

In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III.**

Saylor brings this action against Local 3062 under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. [Record No. 8, pp. 7–8] To succeed on a § 301 claim, the plaintiff must prove that: (1) their employer breached the collective bargaining agreement; and (2) their union breached its duty of fair representation. *Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 424 (6th Cir. 1998) (citing *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990)). Failure to establish either of these showings "dooms the cause of action in its entirety." *Ely v. Newell-Rubbermaid, Inc.*, 50 F. App'x 681, 686 (6th Cir. 2002).

Section 301 actions are subject to a six-month statute of limitations. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 154 (1983). The limitations period begins to

run when the employee discovers, or through reasonable diligence should have discovered, the alleged violation. *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1239 (6th Cir. 1993) (citing *Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985)).

### A.   Breach of the CBA

Local 3062 argues that summary judgment is appropriate because Saylor has neither alleged nor established that Dana violated the CBA. [Record No. 29-1, pp. 9–11] But Saylor contends that she is not required to make this showing because she and Dana reached a "favorable" settlement agreement. [Record No. 32, pp. 8, 12] As a fallback position, she also identifies for the first time specific CBA provisions that she claims Dana breached. [*Id.*, p. 9]

Regarding her second position, it is well-established that "a plaintiff may not introduce a new claim or theory—one not found in the complaint—in response to a motion for summary judgment." *Ohio Ass'n of Elementary Sch. Adm'rs v. Educ. Impact, Inc.*, No. 2:11-cv-068, 2013 U.S. Dist. LEXIS 34748, at *27 (S.D. Ohio Mar. 13, 2013) (quoting *San Francisco Residence Club, Inc. v. Baswell-Guthrie*, 897 F. Supp. 2d 1122, 1200 (N.D. Al. Sept. 13, 2012)).

Here, Saylor did not include any of these theories of breach in her Amended Complaint.[2] [*See* Record No. 8.] And she may not now amend that pleading simply by placing these new allegations in her response. *Hubbard v. Select Portfolio Servicing, Inc.*, No. 16-cv-

---

[2]   Despite Saylor's claim that she "squarely address[ed] the 'contract' in her amended complaint," the isolated references that do appear in that pleading clearly relate to claims against UAW. [Record No. 32, p. 8 n.16] They do ***not*** allege that Dana breached the CBA. [Record No. 8, ¶¶ 32, 49 ("Plaintiff, as a union member, is entitled per contract to training, job placement, and assistance in disputes against the company, which ***the union*** failed to provide; . . . ***the*** [***union***] negotiated a cont[r]act with Dana that . . . is unfair.") (emphasis added)]

11455, 2017 U.S. Dist. LEXIS 139533, at *8 (E.D. Mich. Aug. 30, 2017). To allow such would be fundamentally unfair to Local 3062, which submitted its motion on the premise that Saylor's amended complaint is the sole source of her claims. *Id.* at 9. Accordingly, she must rely on her main contention: that she is not required to show breach.

Both Supreme Court and Sixth Circuit authority foreclose Saylor's argument. *See, e.g.*, *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983). In fact, the very case Saylor cites in support of her position directly refutes it. *See Vencl*, 137 F.3d at 425; [Record No. 32, p. 12] In *Vencl*, the Sixth Circuit explained that, even though Vencl settled his claim against his employer, he was nevertheless required to prove breach of the CBA to recover against the union. *Vencl*, 137 F.3d at 425. This is consistent with the Supreme Court's guidance that "the case [the plaintiff] must prove is the same" whether he sues the union, the employer, or both. *DelCostello*, 462 U.S. at 165. Saylor has failed to raise a genuine dispute regarding breach of the CBA.

### B.  Breach of Duty of Fair Representation

The Court has determined previously that Saylor did not raise a genuine dispute regarding breach of the CBA. This finding entitles Local 3062 to judgement as a matter of law. *Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019) ("[W]ithout a plausible allegation that [the employer] violated a specific provision of the collective-bargaining agreement, plaintiff['s] § 301 claim fails as a matter of law."). As a result, the Court "need not consider the second prong of the test." *Jones v. Interlake S.S. Co.*, No. 20-2210, 2021 U.S. App. LEXIS 2552, at *12 (6th Cir. Aug. 23, 2021) (citing *Swanigan*, 938 F.3d at 786).

### C. Saylor's Claim is Time-Barred

Although Saylor's claim fails on the merits, UAW independently argues that it is barred by the applicable six-month statute of limitations. [Record No. 29-1, pp. 12–13] Saylor responds that the limitations period is subject to equitable tolling because she "attempted in good faith to exhaust her internal union remedies before filing suit."[3] [Record No. 32, p. 16] Saylor's claim is untimely because tolling does not apply under the facts presented.

As discussed, a six-month limitations period begins to run when an employee discovers, or reasonably should have discovered, the alleged violation. *Robinson*, 987 F.2d at 1239. Saylor discovered UAW's alleged violation at the January 16, 2020, meeting with Dana. [*See* Record No. 32-3, pp. 64–67, 75–76 (Saylor discussing UAW's deficient representation at the meeting).] However, even if she was unaware at that time, the subsequent lack of communication from union officials regarding her requested grievance should have made the alleged violation clear. [*See id.*, pp. 56, 64, 75 (lack of contact from the union regarding grievance).] At the latest, Saylor reasonably should have discovered the alleged violation in late January 2020.[4] However, she did not file suit until September 18, 2020, or nearly eight

---

[3]   Saylor also argues against the application of the six-month statute of limitations entirely. [Record No. 32, pp. 14–15 ("The Kentucky statute of limitations for actions based upon written contracts, like the CBA, provides a fifteen-year statute of limitations (KRS 413.090), and applies to this action.")] Because Supreme Court and Sixth Circuit precedents reject this argument, it need not be addressed further. *DelCostello*, 462 U.S. at 154; *Adkins*, 769 F.2d at 334–35.

Although her brief on this point is difficult to follow, Saylor makes several additional arguments regarding exhaustion and why it should be excused. [Record No. 32, pp. 15–16] However, Local 3062 has not raised the issue of exhaustion in its motion, and the Court does not consider it as a basis for its summary judgment ruling.

[4]   Opposing this conclusion, Saylor contends that the limitations period did not begin running until either "May 4, 2020, the date her unemployment claim was approved; or . . . May

months later. [Record No. 1-1] Thus, her claim is time-barred unless tolling applies. *See DelCostello*, 462 U.S. at 154.

A movant is entitled to equitable tolling by demonstrating that she has been pursuing her rights diligently *and* that some extraordinary circumstance prevented timely filing. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Saylor has failed to make either showing. There is no evidence to support her claim that she "attempted in good faith to exhaust her internal union remedies before filing suit." [Record No. 32, p. 16] To the contrary, after initially requesting a grievance, Saylor made no effort to check on its status or to contact union officials. [*See* Record No. 32-3, p. 75.] This does not demonstrate diligence. Moreover, she does not allege that any extraordinary circumstance prevented timely filing of her claim. Saylor is not entitled to equitable tolling and her claim is time-barred. *See Hall*, 662 F.3d at 749.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union No. 3062's motion for summary judgment [Record No. 29] is **GRANTED.**

---

12, 2020, the day her workers' compensation claim was resolved." [Record No. 32, p. 1 (footnotes omitted)] However, she offers neither legal nor factual support for this position. As a result, this line of argument is waived. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")

Dated: November 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky